## MATTER OF PEERLESS INSURANCE COMPANY

In Bond Cancellation Proceedings

A-20580373; A-20580383; A-20580903;
A-20580905; A-20580907; & A—20580908

*Decided by Regional Commissioner October 24, 1974*

Where a proper and timely demand was made upon the obligor to produce the aliens for deportation, the burden of proof was on the obligor to establish by probative evidence that the aliens in fact left the United States prior to the date set for their surrender.

ON BEHALF OF OBLIGOR: Self Represented

These matters are before the regional commissioner on appeal from the decisions of the district director declaring the immigration bonds to have been breached.

The aliens are all natives and citizens of Mexico who entered the United States illegally without inspection on various dates at various places across the Mexican-United States border and were all apprehended employed at a mushroom farm in or near Coeymans, New York on February 13, 1974. Each was released from physical custody upon the posting of the delivery bonds of $1,000 each by Herbert L. Goldstein, Esq., Attorney in Fact for the obligor. The bonds stipulate in pertinent part:

. . . . if said alien is released from custody and if the above obligor shall cause the said alien to be produced or to produce himself to an immigration officer of the United States upon each and every request of such officer until deportation proceedings in his case are finally terminated or until the said alien is actually accepted by such immigration officer for detention or deportation, then this obligation shall be void; otherwise it shall immediately become due and payable . . . .

In a hearing before an immigration judge on March 7, 1974 each alien was found deportable and was granted the privilege of voluntary departure on or before April 7, 1974 with an alternate order of deportation to Mexico in the event he did not depart voluntarily. The period for voluntary departure was extended to April 15, 1974 and thereafter on April 22, 1974 in the absence of any evidence that the aliens had departed, transportation arrangements were made by the Service and the obligor was served notices to surrender each alien for deportation on April 26, 1974. Similar notices were mailed to the individual aliens but

each of these notices was returned by the postal authorities marked "unclaimed-moved-no order."

The aliens failed to surrender themselves and the obligor failed to deliver the aliens to the Service on April 26, 1974 in accordance with the demand made under the terms of the immigration bonds. The notices dated April 29, 1974 declaring the bonds breached on April 26, 1974 followed.

The obligor bases each appeal on the same grounds. He alleges that each alien left his employer's premises before April 7, 1974 the original voluntary departure date set by the immigration judge. He argues that since no proof has been adduced that the aliens did not return to Mexico within the period granted·for voluntary departure that the decisions declaring the bonds breached on April 26, 1974 were inconsistent with the immigration judge's orders and should not have been served. The obligor cites no legal or administrative precedent for his position.

The basic facts are not in dispute. A proper and timely demand was made upon the obligor to produce the aliens. They were not produced pursuant to the demand. The only question is the one raised by the obligor on appeal by claiming that the Government's failure to prove that the aliens did not depart from the United States prior to the date set for their voluntary departure precludes a proper declaration that the bonds were breached. While this is a defense which has been ruled invalid previously in unreported decisions, we are aware of the relative paucity of published precedent decisions involving analogous situations. We will rely to some extent in the instant matter on the *Matter of Don Donaldson's Key Bail Service,* 13 I. & N. Dec. 563. That decision held that it was not necessary to show that the alien had departed from the United States prior to the expiration of voluntary departure authority or prior to the date the demand of service of demand for surrender. It held that upon establishment that the alien had departed from the United States prior to the *date demanded for* his surrender, the bond was not breached. There is, however, a significant difference between the circumstances in *Matter of Donaldson's Key Bail Service* and the matters at hand. In *Donaldson's* the obligor produced persuasive documentary evidence of the alien's departure from the United States. In the matter before us the obligor adopts the position that the Government must prove that the aliens did not depart by a specific date. We hold that the burden of proof to establish that the alien actually left the United States before the date set for his surrender rests with the obligor when he fails to produce the alien pursuant to a proper and timely demand made upon him. To place the Service in a position of having to prove that he did not so depart would constitute an unreasonable and unnecessary impediment to the administration of justice and the immigration laws.

134

The record before us reflects no attempt by the obligor to furnish probative evidence that the aliens did, in fact, depart from the United States prior to April 26, 1974 even though a period of five months has elapsed since the demand was made for their surrender.

In judicious consideration of all the evidence before us including representations made on appeal we find that there has been a substantial violation of the stipulated conditions of the bonds causing the bonds to be breached and collateral forfeited. (8 CFR 103.6(e)). Accordingly the appeals will be dismissed.

It is ordered that the appeals be and are hereby dismissed.